UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ELIJAH DONTRELL JACKSON,

        Plaintiff,        Case No. 1:07-cv-1293

v.        Honorable Robert J. Jonker

DONALD A. JOHNSTON et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff Elijah Dontrell Jackson presently is incarcerated with the Michigan Department of Corrections and housed at the Carson City Correctional Facility, though the actions he complains of occurred while he was held at the Kent County Correctional Facility. He sues Kent County Circuit Judge Donald A. Johnston, Kent County and the Kent County Sheriff's Department, defense attorneys Patricia Eppler, Donald C. Pebley, and Steve Brunink, an unknown prosecuting attorney and the Michigan Department of Corrections (MDOC).

On August 22, 2006, following his conviction for manufacturing/delivering less than 50 grams of cocaine, the Kent County Circuit Court sentenced Plaintiff to a one-year term of incarceration in the Kent County Correctional Facility (KCCF). According to the allegations of the complaint, Plaintiff walked away from the KCCF work release program on September 27, 2006. He was charged with "escape from jail" and resentenced on January 2, 2007. His escape conviction was ordered to run consecutively to the outdate on his original sentence, January 19, 2007.

Plaintiff complains that the Kent County Sheriff's department erred in issuing a felony warrant, and that Judge Johnston improperly convicted him of escape and improperly ordered his sentence to run consecutively to the original term. He further alleges that Judge Johnston failed to correct the situation, despite numerous written contacts from Plaintiff. In addition, he alleges that the MDOC is responsible for its prisoners and improperly "refused to release [him] and cause[d] [him] stress, depression and a number of related problems." (Compl. at 3.) Plaintiff also alleges that he was represented during his plea and sentence by two Kent County Defenders, Donald C. Pebley and Steve Brunink, who failed to represent him effectively, notwithstanding his extensive written

correspondence. Plaintiff further complains that he spoke at his preliminary examination hearing to explain to Judge Donald Passenger why he should not be charged with felony escape for simply walking away from a work release program. At the time of the preliminary examination, he was represented by attorney Patricia E. Eppler. He alleges that neither Eppler nor the unknown prosecuting attorney challenged the erroneous prosecution. Plaintiff alleges that Kent County is liable for the actions of its employees.

> II.    <u>Immunity</u>
>
> > A.    Sovereign immunity

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of

Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, I recommend that the Court dismiss the Michigan Department of Corrections.

        B.       Judicial immunity

Plaintiff also claims that Judge Donald Johnston violated his rights by convicting him of the escape offense. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that sentencing defendant was a judicial act and that Judge Johnston was acting within his jurisdiction in doing so. Accordingly, Judge Johnston is absolutely immune from liability. Because Judge Johnston is clearly immune from liability in this case, Plaintiff may not maintain an action for monetary damages against him. 28 U.S.C. § 1915(e)(2)(B)(iii).

### C. Prosecutorial immunity

Finally, the unnamed prosecutor also is entitled to absolute immunity for his actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role of an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, the actions Plaintiff complains of involved the prosecutor's role as an advocate in initiating and pursuing the escape prosecution. Accordingly, the unknown prosecutor is entitled to immunity.

### III. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

#### A. *Heck* bar

Plaintiff claims that the various Defendants are responsible for his unlawful incarceration on the escape charge. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994),

(2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*, 512 U.S. at 486-87. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

      B.     State actors

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's

conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff cannot show that his court-appointed attorneys acted under color of state law. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted). The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender. *Id.* at 321. The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel — whether privately retained or paid by the state — acts purely on behalf of the client and free from state control. *Id*. The Sixth Circuit has adhered to the holding in *Polk County* in numerous unpublished decisions. *See, e.g.*, *Carswell v. Hughes*, No. 99-1795, 2000 WL 658043, at *1 (6th Cir. May 9, 2000); *Blake v. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir. Mar. 14, 2000); *Rodgers v. Stacey*, No. 99-

3408, 2000 WL 190100, at *1 (6th Cir. Feb. 7, 2000); *Watson v. Carreer*, No. 99-5319, 1999 WL1282433, at *1 (6th Cir. Dec. 27, 1999); *Pagani-Gallego v.Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998); *Carson v. Giovanni*, No. 88-1412, 1988 WL 107376, at *1 (6th Cir. Oct. 14, 1988). Accordingly, Plaintiff's court-appointed attorneys, Defendants Eppler, Pebley and Brunink, do not act under color of state law, and no claim under § 1983 can be maintained against them.

        C.        Vicarious Liability

Plaintiff also sues the Kent County Sheriff's Department. The sheriff's department does not exist as a separate legal entity; it is simply an agent of the county. *Vine v. County of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (1970)). Accordingly, the Court will dismiss the Kent County Sheriff's Department.

Plaintiff also sues Kent County. A local government such as Kent County may not be sued in an action under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Collins v. City of Harker Heights*, 503 U.S. 117, 121 (1992). Liability against Kent County may not be based solely on the fact that the municipality employed a tortfeasor, i.e., under a theory of *respondeat superior*. *Monell*, 436 U.S. at 691; *Collins*, 503 U.S. at 122; *Street*, 102 F.3d at 818. Thus, to the extent that Plaintiff asserts that the county is liable because it (or its sheriff) employed any of the other Defendants, Plaintiff impermissibly attempts to premise § 1983 liability against the county upon a theory of *respondeat superior*. Kent County may only be liable under § 1983 when its policy or custom causes the injury. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  January 30, 2008         /s/ Hugh W. Brenneman, Jr.
                                 HUGH W. BRENNEMAN, JR.
                                 United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).