UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

ELIJAH DONTRELL JACKSON,

                Plaintiff,                           Case No.  1:07-CV-1293

v.                                            Hon. Robert J. Jonker

DONALD A. JOHNSTON et al.,

                Defendants.

———————————————————/

## ORDER AND JUDGMENT
## APPROVING REPORT AND RECOMMENDATION

      The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 4) filed on January 30, 2008.  Plaintiff filed his Objection to the Report and Recommendation (docket # 5) on February 7, 2008.

      Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's objections.  After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

Plaintiff enumerates seven "issues" in his objection, but  none of those issues states a "specific written objection[] to [a] proposed finding[ or] recommendation[]" of the Report and Recommendation.  FED. R. CIV. P. 72(b)(2).  Consequently none of them raises an issue for this Court to review. *See* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Report and Recommendation concludes that (1) Defendants MDOC, Johnston, and unknown prosecutor are entitled to absolute immunity in this case; (2) Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983 because a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus, not under § 1983; (3) Plaintiff's court-appointed defense attorneys were not acting "under color of state law" and, therefore, are not subject to suit under § 1983; and (4) Kent County and the Kent County Sheriff's Department are not subject to liability in this case because there is no respondeat superior liability under § 1983.  Plaintiffs objections do not address any of those

2

conclusions.[1]  At most Plaintiff's objections restate the allegations in his complaint.  To that extent they are properly and fully addressed in the Report and Recommendation.  In any event none of them affects the propriety of Magistrate Judge Brenneman's recommendation.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed January 30, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1.  Plaintiff's complaint is DISMISSED for failure to state a claim;

2.  This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g); and

---

[1]Plaintiff's first objection, that he was denied effective assistance of counsel, does not affect the Report and Recommendation's conclusion that Plaintiff's court-appointed counsel are not subject to liability under § 1983 because they did not act under color of state law.  Plaintiff's second objection, that "Defendant(s) are in violation of immunity" because they conspired to deprive him of his constitutional rights, does not affect the Report and Recommendation's conclusion that Defendants are entitled to immunity because Plaintiff has not "alleged specific facts to support the existence of a conspiracy between Defendants." *Hason v. Tourtelloutte*, 11 F. App'x 745, 746 (9th Cir. 2001); *see Meros v. Kilbane*, No. 95-4296, 1997 U.S. App. LEXIS 2092, at *7 (6th Cir. 1997) ("A complaint alleging that a private party is liable under § 1983 for conspiracy with a state actor 'must be pled with some degree of specificity . . . . Vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" (alteration in original) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987))).  Plaintiff's third objection, that his sentencing and imprisonment were unlawful, does not affect the Report and Recommendation's conclusion that the Honorable Donald A. Johnston is entitled to judicial immunity from suit in this case.  Plaintiff's fourth, fifth, and sixth objections (i.e., that "Defendant was in violation of Due Process," "Defendant was in violation of Double Jeopardy," and "Plaintiff was held in contempt of prosecutorial misconduct") do not affect the Report and Recommendation's conclusions that (1) Defendants MDOC, Johnston, and unknown prosecutor are entitled to absolute immunity; (2) Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983; (3) Plaintiff's court-appointed attorneys were not acting "under color of state law" and, therefore, are not subject to suit under § 1983; and (4) Plaintiff's claims against Kent County and Kent County Sheriff's Department should be dismissed because there is no respondeat superior liability under § 1983.  Finally, Plaintiff's seventh objection, that "[d]efense counsel was ineffective," restates his first objection and does not affect the Report and Recommendation's conclusion that Plaintiff's court-appointed attorneys were not acting "under color of state law" and, therefore, are not subject to suit under § 1983.

3.  The Court finds no good-faith basis for appeal within the meaning of 28 U.S.C.

§ 1915(a)(3).


Dated:  March 12, 2008                    /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE